**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 18 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY JAMES FAULKNER,

        Plaintiff-Appellant,

  v.

DAVID SHINN, Director, ADOC;
CHARLES L. RYAN, named as Charles
Ryan, retired Director of ADOC,

        Defendants-Appellees.

No.   22-16841

D.C. No.
2:22-cv-01734-DLR-ESW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted April 2, 2024
San Francisco, California

Before: HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,[**] District
Judge.

      As mandated by then-existing Arizona law, Jeffrey Faulkner's 1996

conviction, entered after a plea agreement, required the Arizona Department of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Brian M. Morris, Chief Judge for the District of
Montana, sitting by designation.

Corrections, Rehabilitation and Reentry ("ADOC") to deduct thirty percent of his prison work wages to satisfy a restitution judgment. A 2007 amendment to the governing statute, however, subjected all money in a prisoner's account to withdrawal to pay restitution, including not only prison work wages but also money received from other sources, including family and friends. 2007 Ariz. Sess. Laws, ch. 140, § 1 (1st Reg. Sess.) (codified at A.R.S. § 31-230). ADOC withdrew funds from Faulkner's account in accordance with its interpretation of the amended statute after it became effective in 2008.

On October 12, 2022, Faulkner filed a pro se 42 U.S.C. § 1983 action alleging that ADOC violated the terms of his plea agreement, the Ex Post Facto clause, and the Eighth and Fourteenth Amendments by withdrawing funds under the new statute. Screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), the district court dismissed the complaint, finding that Faulker's claims accrued when the amended statute became effective in 2008 and thus were barred by the applicable two-year statute of limitations.

We have jurisdiction of Faulkner's timely appeal under 28 U.S.C. § 1291. We vacate the judgment of the district court and remand.

1. The parties now agree that each deduction from Faulkner's account was a discrete act, *see Pouncil v. Tilton*, 704 F.3d 568, 579 (9th Cir. 2012), and that claims concerning deductions made on or after October 12, 2020, are therefore timely.

2

Following the general rule that "a federal appellate court does not consider an issue not passed upon below," *Singleton v. Wulff*, 428 U.S. 106, 120 (1976), we decline ADOC's invitation to address the merits of Faulkner's claims in the first instance. Rather, we vacate the judgment below and remand to allow the district court to do so.

2. Faulkner made conflicting statements in his filings for injunctive relief about when he first discovered or should have discovered deductions made before October 12, 2020, under the amended statute. Because this case was resolved at screening based on the district court's conclusion that all claims asserted were untimely, that court did not address the discovery issue, and can do so on remand. *See Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 889 (9th Cir. 2017) (finding district court erred in denying leave to amend because date plaintiff learned of injury was fact intensive inquiry).

**VACATED and REMANDED**.